IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WALTHER GUERRERO LOPEZ                                                                PLAINTIFF

        v.                              Civil No. 10-5023

NURSE RHONDA; JAILER PINEDA;
JAILER R. KAYWOOD; JAILER
SHARP; SGT. J. FULLER; JAILER
MATTEO; JAILER HUTCHERS;
and SGT. MUGGY                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Walther Guerrero Lopez filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on February 9, 2010. His complaint was filed *in forma pauperis* (IFP).

When the case was filed, Lopez was incarcerated at the Washington County Detention Center. The Clerk's Office by letter advised Lopez of the obligation to keep the Court informed of his current address at all times. On April 19th, mail sent to Lopez at the Washington County Detention Center was returned as undeliverable. The Court obtained Lopez's home address from the detention center and entered a change of address on his behalf (Doc. 6).

On April 20th, mail sent to Lopez at the home address was returned as undeliverable with a notation: "Moved Left No Address." On April 26th, mail sent to the home address was again returned as undeliverable.

The Court has not had an accurate address on Lopez since he was released from the Washington County Detention Center on March 18, 2010. Under Rule 5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas, "it is the duty of any party not represented by counsel ro promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

Clearly, Lopez has not complied with Rule 5(c)(2).  I therefore recommend Lopez's claims be dismissed on the grounds he has failed to prosecute this action.  *See* Fed. R. Civ. P. 41(b).

**Lopez has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Lopez is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of May 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE